IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:                                                    Case No.: 14-2128-JCO
RICHARD LONG,                                             Chapter 7
Debtor.

MEMORANDUM OPINION
AND ORDER

This matter came before the Court on interested party, Jerry Gaddy's (hereinafter

"Gaddy") Motion to Vacate or Grant Relief from Decree, or In the Alternative, Motion to

Reopen Case Combined With Motion to Vacate or Grant Relief from Order Granting Motion to

Annul Automatic Stay and Validate State Court Order Nunc Pro Tunc, (hereinafter referred to as

"Motion to Vacate") (Doc. 87), creditor SE Property Holdings' (hereinafter "SEPH") Brief in

Opposition thereto (Doc. 91), and Gaddy's Reply Brief.  (Doc. 92).  On November 8, 2016, a

hearing was held on these matters.  Present on behalf of Mr. Gaddy was attorney Clark

Hammond.  Appearing on behalf of SEPH were attorneys Richard Gaal, William Shreve, and

Danielle Mashburn-Myrick and appearing for Debtor Long was attorney Ben Meaher.  At the

conclusion of the hearing, the Court took these matters under advisement, and now issues its

ruling thereon.

Procedural Background

On October 11, 2010, SEPH filed a lawsuit titled SE Property Holdings, LLC v. Water's

Edge, LLC *et al.,* Civil Action No. 2010-901862[1] in the Baldwin County Circuit Court

(hereinafter "the state court"), against multiple defendants, two of which were Debtor, Richard

Long, and interested party, Jerry Gaddy.

---

[1] The lawsuit was originally filed by Vision Bank who was succeeded by merger by SEPH.

On July 2, 2014, Debtor Long filed his Chapter 7 bankruptcy petition. On October 24, 2014, a suggestion of bankruptcy as to Long was filed in the state court action. On December 17, 2014, a document titled, "Final Judgment" was entered by the state court. (Doc. 87-4). The "Final Judgment" found Gaddy, among others, jointly and severally liable in the amount of $9,084,076.14 plus interest. Paragraph three of the "Final Judgment" stated that "[a]ll other claims not herein or otherwise disposed of are dismissed with prejudice." The state court's statement in paragraph three of the Final Judgment presumably ordered the dismissal of all claims against Debtor Long in the state court action. The defendants in the state court action, including Gaddy, appealed the judgment to the Alabama Supreme Court. On April 24, 2015, Debtor Long received his Chapter 7 discharge.

On May 27, 2016, the Alabama Supreme Court dismissed the appeal on the basis that the state court's "Final Judgment" was non-final and was a continuation of the action against Debtor Long, which was prohibited by the automatic stay arising from his Chapter 7. (Doc. 75-3). On June 10, 2016, in response to the Alabama Supreme Court's ruling that it had violated the automatic stay against Debtor Long, SEPH filed in this Court its Motion to Annul Automatic Stay and Retroactively Validate State Court Order (hereinafter referred to as "Motion to Annul") (Doc. 75). According to the Certificate of Service, the Motion to Annul was served on the electronic mailing matrix, and all other parties on the creditor matrix via U.S. Mail. (Doc. 75 at 4). On July 12, 2016, this Court held a hearing on SEPH's Motion to Annul, and on July 15, 2016, this Court found that cause existed to grant SEPH's request. Debtor Long also consented to the retroactive annulment at the hearing. An Order was thus entered retroactively annulling the stay against Debtor Long *nunc pro tunc* to December 17, 2014. (Doc. 79). Finally, on

September 12, 2016, Gaddy filed the present motion requesting that this Court vacate its Order Annulling the Automatic Stay or in the Alternative Re-open Debtor Long's bankruptcy case.

Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and the District Court's Standing Order of Reference dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). This is a final order.

The above statement usually satisfies this Court's analysis and explanation of its jurisdiction. However, since the movant in this matter has stated this Court "has injected itself into the jurisdiction of the state courts, without a justifiable basis for doing so," (Doc. 87 at 7), a more detailed explanation is warranted.

Bankruptcy jurisdiction is, at its core, *in rem* and state courts lack authority and jurisdiction to modify bankruptcy court orders.[2] The impact of the automatic stay is to place jurisdiction in the bankruptcy court over all matters subject to the automatic stay. *In re Benalcazar,* 283 B.R. 514, 521 (Bankr. N.D. Ill. Aug. 15, 2002) (*citing LaBarge v. Vierkant,* 240 B.R. 317, 322-25 (8th Cir. BAP 1999)(collecting authorities). Thus, this Court has exclusive jurisdiction over matters regarding the automatic stay, including those seeking annulment of the stay.

---

[2] *In re Hackney,* 2008 WL 4830040, at *15 (Bankr. N.D. Ala. Oct. 10, 2008)(state courts lack authority to modify or dissolve a bankruptcy court's order); *Gruntz v. Los Angeles,* 202 F.3d 1074, 1079 (9th Cir. 2008); *In re McGhan,* 288 F.3d 1172 (9th Cir. 2002)("because bankruptcy court orders are not subject to collateral attack in other courts, any state court modification of the automatic stay would constitute an unauthorized infringement upon the bankruptcy court's jurisdiction to enforce the stay . . ."); *Contractors' State License Bd. v. Dunbar,* 245 F.3d 1058, 1063 (9th Cir. 2001)(federal courts are not bound by state court modifications of the automatic stay); *see also Central Va. Cmty. College v. Katz,* 546 U.S. 356 (2006).

<u>Conclusions of Law</u>

Gaddy's Motion to Vacate is bereft of any cite to statutory authority or case law supporting his position, save one case, *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir. 1984), which does not support his argument. Gaddy references no section in the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure as a basis for filing the Motion to Vacate, although he does mention, no less than five times, the impact of the stay annulment on himself as a basis for relief. Gaddy seems to believe the impact on him as a nonbankrupt defendant is sufficient grounds to vacate this Court's order. This Court disagrees. Without any direction from Gaddy on what statute, rule or case entitles him to such relief, this Court will apply the necessary legal framework within which to consider the Motion to Vacate.

Gaddy set forth the following arguments either in his motion or at the oral argument: (1) that Gaddy was not served with a Copy of SEPH's Motion to Annul the Automatic Stay; (2) that misconduct of SEPH requires this Court's Order Annulling the Automatic Stay be vacated; (3) that this Court did not have legal authority to Annul the Automatic Stay and Retroactively Validate the State Court Order; and (4) alternatively, that this Court should re-open Debtor Long's bankruptcy case. Considering Gaddy's arguments, it appears that the first three would fall under Rule 60 of the Federal Rules of Civil Procedure as made applicable to bankruptcy by Rule 9024 of the Federal Rules of Bankruptcy Procedure, and the final argument, to re-open the case, would fall under Rule 5010 of the Federal Rules of Bankruptcy Procedure. Because of this, the Court will consider Gaddy's Motion to Vacate as having been brought under Rule 60(b), and his alternative Motion to Reopen under Rule 5010.

4

## The Rule 60(b) Arguments

Rule 60(b) is an extraordinary remedy designed to address mistakes attributable to exceptional circumstances. *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984)(*citing Ackerman v. United States,* 340 U.S. 193, 202 (1950). The burden of proof in seeking relief from a final judgment or final order initially lies with the moving party. *Id.* "The burden for setting aside a final order is a heavy one for res judicata is being negated." *In re Abrams,* 305 B.R. 920 (S.D. Ala. Mar. 8, 2002). Whether to grant such relief is within this Court's discretion. *In re Timmons,* 479 B.R. 597, 608 (Bankr. N.D. Ala. 2012).

With no mention of Rule 60(b) or corresponding Bankruptcy Rule 9024 in Gaddy's Motion to Vacate, the Court must consider each of the six grounds for relief provided by Rule 60(b).[3] Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60.

---

[3] Rule 9024 states: Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one-year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

The Court has analyzed all six grounds for relief provided by Rule 60(b) as they apply to Gaddy's arguments and concludes that they fall under subsections (3), (4), and (6).

<u>Rule 60(b)(4): Due Process</u>

The parties agree that Gaddy was not served with SEPH's motion to Annul the Automatic Stay because the address for Gaddy in the Debtor's creditor matrix was incorrect. Accordingly, Gaddy has asserted that this Court's Order Annulling the Automatic Stay should be vacated because he was not served with a copy of the Motion to Annul filed by SEPH. This Court will assume that Gaddy claims this Court's original order annulling the stay is void for lack of due process and is being brought under Rule 60(b)(4).

The burden of proof in a Rule 60(b)(4) motion rests with the movant. *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291 (11th Cir. 2003). In order to evaluate Gaddy's due process argument, this Court must first consider whether the bankruptcy rules required SEPH to serve Gaddy with its Motion to Annul. Further, this Court must assess whether SEPH's attempted notice to Gaddy of its filing of the Motion to Annul was reasonably calculated to provide notice to Gaddy sufficient to satisfy the due process requirement.

Section 362(d) of Title 11 of the United States Code states, "[o]n request of a party in interest and *after notice and a hearing*, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay . . . ." § 362(d)(emphasis added). The Bankruptcy Code defines "after notice and a hearing" to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; . . . ." 11 U.S.C. 102(1)(A). A motion for relief to terminate, annul, modify or condition the stay must be served on the debtor and debtor's counsel, and must be served on any committee elected or appointed under §§ 705 or

1102. Fed. R. Bankr. P. 4001(a)(1). The motion may be served via first class mail within the United States. Fed. R. Bankr. P. 9014, 7004(b). Additionally, Local Rule 4001-1 states that the "Movant shall serve the Motion upon the following parties with an appropriate certificate of service: the Debtor, Debtor's Counsel and any Co-Debtor, the Debtor in Possession, the Trustee, any Committee appointed in the case, the Bankruptcy Administrator (if a Chapter 11, 12, or 9 proceeding), and such other parties as the Court may direct."

Applying Fed. R. Bankr. P. 4001(a)(1) and Local Rule 4001-1, it is clear that Gaddy does not fall anywhere under the enumerated list of parties or persons entitled to service on a motion to annul the stay. To the extent that Gaddy claims his co-guarantor status makes him a co-debtor entitling him to notice on the Motion under Local Rule 4001-1, this Court notes that co-debtor status only applies to consumer debts under Chapters 12 and 13. *See* 11 U.S.C. §§ 1201, 1301.

The requirement of notice is a foundational part of the Bankruptcy Code. The right to be heard has "little reality of worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest. *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 314 (1950). It is well settled that in order for any proceeding to satisfy due process, there must be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* However, due process does not require actual notice. *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 272 (2010)(*citing Jones v. Flowers,* 547 U.S. 220, 225 2006). Federal Rule of Bankruptcy Procedure 1007(a)(1) requires the debtor to file with the petition a list of the names and addresses of each entity to be included in the Schedules thereby forming the creditor matrix. Although the Bankruptcy Code does not provide any guidance as to what is the proper address of a creditor under Rule 1007(a)(1), it is "clear that such an address

must be one at which notice or service would be reasonably calculated to comply with the constitutional notions of due process." *In Matter of Okwukwu*, 210 B.R. 194, 196 (Bankr. N.D. Ala. 1997)(*citing In re Kleather,* 208 B.R. 406 (Bankr. S.D. Ohio 1997)).[4] Even if Gaddy was required to be served with SEPH's Motion to Annul under the rules, which he was not, this Court finds that due process requirements were met by SEPH.

The record of this case reflects that SEPH served a true and correct copy of the Motion to Annul, "by electronic transmission via filing with the clerk using CM/ECF to all parties listed on the Court's electronic mailing matrix, and all other parties via U.S. Mail, first class postage prepaid on June 10, 2016." (Doc. 75 at 4). SEPH's service of the Motion to Annul on the entire creditor matrix went above what is required by Fed. R. Bankr. P. 4001 and Local Rule 4001-1 regarding service of a motion to annul. Even though the address for Gaddy on the creditor matrix was incorrect, this Court finds that the service effected by SEPH complies with 11 USC § 362, Fed. R. Bankr. P. 4001, Local Rule 4001-1, and the basic tenets of notice established by, *Mullane v. Central Hanover Bank, supra.* Service on the entire creditor matrix was reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of its Motion. Therefore, this Court finds that adequate notice was given and Gaddy's purported 60(b)(4) motion is hereby DENIED.

<u>Rule 60(b)(3): Fraud, Misrepresentation or Misconduct</u>

Gaddy asserts that this Court's Order Annulling the Automatic Stay is due to be vacated because of the improper actions of SEPH. Although not referenced in his motion, counsel for Gaddy orally intimated to the Court at the hearing that this was a Rule 60(b)(3) argument and

---

[4] *See Kreitlin v. Ferger,* 238 U.S. 21, 31 (1915)(notice is sufficient where notice was mailed "in the city where they lived, but without adding the street and number of their residence").

this Court will consider it as such. Rule 60(b)(3) allows for relief from a judgment due to fraud, misrepresentation, or misconduct by an opposing party. "In order to obtain relief under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud and that the conduct prevented the moving party from fully presenting its case." *Echeverria v. Bank of Am., N.A.*, 632 F. App'x 1006, 1010 (11th Cir. 2015)(*citing Waddell v. Hendry Cnty. Sheriff's Office,* 329 F.3d 1300, 1309 (11th Cir.2003); *Booker v. Dugger,* 825 F.2d 281, 283-84 (11th Cir. 1987) ("Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud . . . .").

Gaddy argued that SEPH committed a fraud or misrepresentation by filing a claim in Debtor's bankruptcy case after SEPH dismissed with prejudice all claims against Debtor Long in the state court action. Gaddy argued that issue preclusion attached to SEPH's claim when the state court judgment was entered making fraudulent any claim in Debtor's bankruptcy case for the same debt. SEPH argued that the state court judgment was not the only basis for filing the claim, but that an unrelated indebtedness of $179,000.00 also formed the basis of its claim against Debtor. (Doc. 91 at 15-16).

The consequences of filing a false claim in bankruptcy are criminal, and by citing to 18 U.S.C. § 152(4) in his Reply Brief, Gaddy implies SEPH's actions are criminal. (Doc. 92 at 5). Section 152(4) states in short that a person who knowingly and fraudulently presents any false claim against the estate of a debtor shall be fined, imprisoned or both. However, there is no private right of action under Section 152(4), and even if this Court accepted Gaddy's argument that this Court could use its § 105 powers to create one, this Court finds no grounds to do so.

Because this Court is not the appropriate venue within which to bring a charge under §

152(4), this Court will leave unaddressed the criminality of SEPH's alleged behavior. However,

this Court will make a finding as to the alleged fraud as it is raised under Rule 60(b)(3).

Other than pointing to SEPH's proof of claim, Gaddy presented no evidence to

substantiate his claim of fraud against SEPH. The record of Debtor's case reflects that there are

three promissory notes that form the basis of SEPH's proof of claim. (Claim 1-1 at 3). Even if it

was an error on SEPH's part to file a claim based on the state court action as Gaddy complains,

SEPH still has standing to file a proof of claim based on the two other notes. Therefore, this

Court finds that Gaddy has failed to prove by clear and convincing evidence that this Court's

Order annulling the stay should be vacated due to fraud under Rule 60(b)(3).

<u>Rule 60(b)(6): Any Other Reason that Justifies Relief</u>

The third argument submitted by Gaddy in support of his Motion to Vacate can best be

described as challenging this Court's legal authority to issue an Order Annulling the Automatic

Stay in this case. The Court will treat this argument as one falling under 60(b)(6) which allows

the court to provide relief from a judgment or order for "any other reason that justifies relief."

Gaddy argued that SEPH's only motivation in seeking the annulment was to be able to collect

against other non-debtor defendants in the state court action. Gaddy further argued that the

annulment extended no benefit to Debtor Long, and likewise did not enable SEPH to do

something in Long's bankruptcy case that it otherwise could not do. (Doc. 87 at 6).

Additionally, Gaddy argued that extraordinary circumstances must first exist to annul the

stay, that SEPH failed to demonstrate such circumstances at the original hearing, and as such,

this Court's Order annulling the stay is due to be vacated as having not been warranted in the

first place. (Doc. 87 at 3-4).

As previously stated, the only case cited in Gaddy's Motion to Vacate is *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir. 1984). Gaddy would lead this court to believe that *In re Albany Partners* stands for the proposition that "annulment of the stay is considered an extreme remedy and is only proper when actions by the Debtor so dictate," and, "the prototypical basis for annulment of the stay is to validate a foreclosure sale occurring within days after a bankruptcy filing." (Doc. 87 at 8-9). Nowhere in *Albany Partners* does the Eleventh Circuit call annulment of the stay an extreme remedy, and while *Albany Partners* is a foreclosure related case, nowhere therein does the Eleventh Circuit say the prototypical basis for annulment of the stay is to validate a foreclosure sale. What *In re Albany Partners* actually holds is that "§ 362(d) permits bankruptcy courts, in appropriately *limited* circumstances, to grant retroactive relief from the automatic stay." (Emphasis in original).

In deciding whether the Order annulling the stay should be vacated under Rule 60(b)(6), a determination of what limited circumstances constitutes cause to annul and a look back at the course of the original hearing on the Motion to Annul is relevant.

Under § 362(d), a bankruptcy court may, for cause, terminate, *annul*, lift or condition the automatic stay. Though "cause" within the context of § 362(d) is undefined, it remains a broad concept which is intentionally flexible. "Congress itself provided some guidance as to what constitutes "cause," specifically mentioning "a desire to permit an action to proceed to completion in another tribunal." *In re Choice ATM Enters., Inc.,* 2015 WL 1014617, at *2, *3 (Bankr. N.D. Tex. Mar. 4, 2015). Just as a bankruptcy court may lift the stay to permit an action to proceed to completion in another tribunal, in this district and many others, so may a plaintiff dismiss a debtor from a lawsuit without violating the automatic stay. *See Slay v. Living Ctrs E., Inc.*, 249 B.R. 807, 807 (S.D. Ala. 2000)(*citing Chase Manhattan Bank, N.A. v. Celotex Corp.,*

852 F.Supp. 226, 228 (S.D.N.Y.1994); *Gallagher v. Sports Pub., LLC*, 2009 WL 294400, at *2

(C.D. Ill. Feb. 4, 2009); *Villarreal v. City of Laredo*, 2007 WL 2900572, at *5 (S.D. Tex. Sept.

28, 2007), *aff'd in part sub nom. Villarreal v. M.G. Builders*, 354 F. App'x 177 (5th Cir. 2009)(a

non-bankruptcy court may grant dismissal, so long as doing so is not inconsistent with the

purposes of the bankruptcy stay).

      Since voluntary dismissals do not violate the automatic stay, and because the annulment

of the stay accomplished a complete resolution of the claim or potential claim against Debtor

Long's estate, this Court found that annulment of the stay was warranted. The state court action

now primarily involves nondebtor third parties, and, allowing this Debtor's stay to unnecessarily

hold up those proceedings would be in direct conflict with Congressional intent underlying the

promulgation of § 362(a).[5] *See also* §§ 1201, 1301(co-debtor stay does not apply in Chapter 7);

*In re Choice ATM Enters., Inc., supra,* p. 11 (§ 362(a) only stays proceedings against the debtor,

not co-defendants).

      This Court, having analyzed the Motion to Annul though the lens of *In re Albany

Partners,* having applied the general tenets of judicial economy, and having considered the fact

that an annulment of the stay would provide full relief to the Debtor's estate, found that SEPH's

---

[5] The automatic stay under 362(a) only stays those proceedings against the debtor. *See* 11 USC § 362(a)("a petition filed under section 301, 302, or 303 . . . operates as a stay . . . of (1) the commencement or continuation . . . *against the debtor* . . . that arose before the commencement of the case under this title; . . . .")(emphasis added); *In re Choice ATM*, 2015 WL 1014617, at *2. (*citing McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 366 (5th Cir. 1993). Nowhere in the Bankruptcy Code did Congress indicate that where one defendant in a multi-defendant related case filed bankruptcy, that the related case could not go forward as to the other non-bankrupt defendants.

situation was one of those appropriately *limited* circumstances where cause existed to retroactively annul the stay.[6]

Turning back to the present Motion to Vacate, it is well settled that Rule 60(b)(6) is a residual provision designed to cover unforeseen contingencies. *In re Timmons,* 479 B.R. 597, 605 (Bankr. N.D. Ala. Sept. 20, 2012). "Relief is appropriate under this provision only upon a showing of exceptional circumstances and where absent such relief, an extreme and unexpected hardship will result." *Id.* (citation and quotation marks omitted). "Even then, whether to grant the requested relief is a matter for the … court's sound discretion." *Cano v. Baker,* 435 F.3d 1337, 1342 (11th Cir. 2006). Intervening developments, without something more, rarely constitute extraordinary circumstances for purposes of Rule 60(b)(6). *Timmons,* 479 B.R. at 605 (*citing Agostini v. Felton,* 521 U.S. 203, 239 (1997). A motion brought under Rule 60(b)(6) should be granted if appropriate to accomplish justice. *Id.* (citing *Klapprott v. U.S.* 335 U.S. 601, 614-615 (1949).

Gaddy's argument that the order annulling the stay was somehow "improvidently entered" and that the annulment "impacted" him as a "nonbankrupt defendant" is unpersuasive and does not meet the criteria of exceptional circumstances for Rule 60(b)(6) relief. Instead, this Court finds that, rather than accomplishing justice, granting Rule 60(b)(6) relief would potentially work an injustice to Debtor Long by allowing the state court action to remain pending against him. Therefore, any relief requested by Gaddy under Rule 60(b)(6) is DENIED.

---

[6] *See In re Thomas,* 319 B.R. 910, 912 (Bankr. M.D. Ga. 2004)(the minimum requirements for retroactive annulment of the stay are: first, the creditor must demonstrate that it justifiably believed its action did not violate the automatic stay, and the violation must not have been willful. Second, the creditor must prove that it "did not violate the policies underlying the automatic stay" by showing that its actions "did not interfere with the 'breathing spell'" created by the stay and that "its foreclosure had no negative impact on other creditors).

Turning to the last issue presented, Gaddy states that this case should be reopened because the "only and sole basis" for SEPH to seek annulment of the stay was to finalize the state court judgment so SEPH could continue collection efforts against him (Doc. 92 at 4), and that sort of "impact" on a "nonbankrupt defendant" warrants vacatur of the annulment order. (Doc. 87 at 6).

Section 350 of the Bankruptcy Code and Rule 5010 of the Federal Rules of Bankruptcy Procedure govern motions to reopen. Section 350(b) provides that a "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Rule 5010 further states that a "case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code . . . ." Fed. R. Bankr. P. 5010. The choice of whether to reopen the case rests within the sound discretion of the bankruptcy court and will not be overruled absent an abuse of such discretion. *In re Flanders,* 2014 WL 4080325, at *2 (Bankr. N.D. Ga. Aug. 6, 2014) (citing *In re Banks,* 2011 WL 1898701, at *1 (Bankr. N.D. Ga.2011); *In re Tarrer,* 273 B.R. 724, 731–32 (Bankr. N.D. Ga .2002). "Accordingly, the Court must consider the particular circumstances presented in the case and, using its discretion, decide whether cause exists to reopen it." *Flanders,* 2014 WL 4080325, at *2.

Having considered these particular circumstances, the law of the case, the pending motions, briefs, and arguments presented by counsel for the parties, this Court finds that cause does not exist to reopen Debtor Long's case. If the case were to be reopened, there would be no additional assets to administer and no additional relief would be accorded to the Debtor. The fact that Gaddy is "impacted" by the annulment is insufficient to establish the cause necessary to

reopen Debtor's case. No other cause has otherwise been established sufficient upon which to reopen. Consequently, Gaddy's request to reopen is DENIED.

Conclusion

To the extent that it is or can be construed that this Court is or is attempting to engage in any sort of appellate review of the order entered by the Alabama Supreme Court, such is not the case. However, state and federal courts have concurrent jurisdiction to determine whether litigation is stayed pursuant to the automatic stay. Courts have reached differing results on whether the Rooker–Feldman doctrine[7] applies to prevent a bankruptcy court from reviewing a state court's determination of whether the automatic stay applies.[8]

This Court joins the line of cases that concludes the Rooker-Feldman doctrine does not bar a bankruptcy court from reviewing a state court's determination of whether the automatic stay applies. *See In re Cole,* 552 B.R. 903, 909 (Bankr. N.D. Ga. June 24, 2016); *In re Clarke,* 373 B.R. 769 (Bankr. S.D. Fla. 2006)(the Rooker-Feldman doctrine does not abrogate the bankruptcy court's authority to enforce the automatic stay). In order to determine whether a state

_____

[7] Unlike this fact situation, the *Rooker–Feldman* doctrine applies after the state court proceedings have ended and the losing party then files a suit in federal court complaining of an injury caused by the judgment and seeking review and rejection of it. *In re Cole,* 552 B.R. 903, 908 (Bankr. N.D. Ga. June 24, 2016)(*citingNicholson v. Shafe,* 558 F.3d 1266, 1273 (11th Cir.2009)). In that situation, such review is reserved for state appellate courts or, as a last resort, the U.S. Supreme Court. *Cole* at 908 (*citing Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir.2009)).

[8] "The Third and Ninth Circuits, along with many bankruptcy courts, have concluded that a bankruptcy court may review such decisions. These courts rely on the U.S. Supreme Court case *Kalb v. Feuerstein,* 308 U.S. 433 (1940), which created an exception in bankruptcy cases to the general rule that judgments determining jurisdiction should be corrected through direct review, not collateral attack, because erroneous decisions by state courts as to the applicability of the automatic stay are *void ab initio.* Further, they reason that any incorrect determination that the stay does not apply when it actually does would, in effect, be a modification of the automatic stay—relief that the bankruptcy court has exclusive jurisdiction to provide. Other courts have applied the *Rooker–Feldman* doctrine and found no exceptions for the bankruptcy court to review a state court's determination of the applicability of the automatic stay because state courts have concurrent jurisdiction." *In re Cole,* 552 B.R. 903, 908–10 (Bankr. N.D. Ga. 2016).

court erroneously concluded that the automatic stay does or does not apply to a particular proceeding, the bankruptcy court must have the ability to review the state court's decision.

This Court agrees with the Baldwin County Circuit Court that the automatic stay does not prevent the dismissal of claims against Debtor Long.  Therefore, for the reasons set forth herein, Gaddy's request to vacate the Order annulling the stay and/or to reopen this case is hereby DENIED.  The original Order retroactively annulling the stay through December 17, 2014, (Doc. 79), remains in effect and the state court order dismissing the claims of SEPH against Debtor remains validated by this Court as set out therein.  Debtor's discharge entered on April 24, 2015 shall remain unaffected by either this Order or the original Order retroactively annulling the stay.

Dated:  January 9, 2017

_____
JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE